## HAUSE v. COBLENTZ ET AL.

*Executors and administrators—Conveyance in fraud of creditors by decedent—Creditor may maintain action to set same aside—Exclusive right to sue not in personal representative—Section 10777, General Code—Father a creditor of deceased daughter entitled to sue, when—Conveyance by decedent to her daughter constructively fraudulent, when—Lots purchased with borrowed money conveyed shortly before death.*

1. Creditor of decedent can bring action to set aside latter's conveyance in fraud of creditors, since Section 10777, General Code, does not give exclusive power to bring such action to executor or administrator.

2. Evidence *held* to show that father, who had paid for lots purchased by deceased daughter, and had taken her note

for the amount, was her creditor and had the right to sue to set aside her conveyance as in fraud of creditors.

3. Decedent's conveyance to daughter, a few months before death for consideration of $1, of lots which she had borrowed money to purchase, *held* constructively fraudulent as against creditors, and should be set aside, where she had no other property.

(Decided April 6, 1926.)

APPEAL: Court of Appeals for Williams county.

*Mr. D. A. Webster,* and *Mr. Charles E. Scott,* for plaintiff.

*Mr. H. H. De Muth,* and *Mr. W. H. Shinn,* for defendants.

RICHARDS, J. This action is brought by William Hause, who claims to be a creditor of Blanche A. Hoverstock, deceased, for the purpose of setting aside a conveyance of real estate made by her, on the ground that it was in fraud of the rights of creditors. In the common pleas court a decree was rendered for the plaintiff, from which an appeal has been taken.

The first question which arises is whether a creditor of a deceased person can bring an action to set aside a conveyance made by the debtor on the ground that it is in fraud of the rights of creditors, or whether such action must be brought by the administrator or executor.

Section 10777, General Code, provides for the bringing of such an action by an executor or administrator, but the authority so granted is not exclusive. The right of a creditor to bring such

an action existed prior to the enactment of the statute empowering an administrator or executor of the estate to do so. The cause of action in favor of the creditor arises immediately upon execution by his debtor of the deed which is in fraud of his rights, and such cause of action is not extinguished by the decease of the debtor. It was held in the case of *Hoffman* v. *Kiefer,* 19 C. C., 401, 10 C. D., 304, by the circuit court of this circuit, in a case arising in Lucas county, that such an action could be maintained, and the opinion in that case gives the reasons and cites the authorities therefor.

The defendants in the case at bar deny that the plaintiff is a creditor of the estate and deny that the conveyance was fraudulent. The plaintiff's claim is based on a promissory note for $1,600, payable to him, dated May 10, 1920, and signed by Blanche Hoverstock, who was his daughter. It is claimed by the defendants that the amount represented by this note was not an indebtedness, but an advancement made by the father to the daughter. The evidence shows that Blanche Hoverstock was negotiating for the purchase of two lots in the village of Montpelier in this county and that her father furnished the purchase price, paid the same directly to the owner of the property, and took this note from his daughter representing the amount. About the same time he furnished a similar amount to a son and another daughter, and took from them similar notes; the amount furnished to each of such other children being subsequently increased to $2,600, and the entire amount being represented by promissory notes, which the father required them to execute to him.

It is claimed that he told his children that he did not expect them to repay these amounts and that he would not require them to pay any more than the interest, and that only in the event he should need it for himself, but this claim is denied. Testimony was offered tending to show similar admissions made by the father, but these statements are also emphatically denied, and the testimony of the surviving children tends to show that the promissory notes were intended to represent indebtedness due from them to the father, and that the money was not received as an advancement.

The evidence in the case convinces the court that the promissory note executed by Blanche Hoverstock represented an actual indebtedness, and, while her father may have intended at some time in the future to donate the amount to her, he had not in fact done so, and took the note because he wanted to reserve, and did reserve, the right to collect the amount. In this respect the case differs from *Hicks, Admr.,* v. *Hicks,* 9 C. C. (N. S.), 413, 19 C. D., 628, where it appears that the payee took the notes because her husband made her do so, and without the expectation of ever collecting the same, and without intending that the amount should be treated as a loan. We must conclude from the evidence that the plaintiff in this case is a creditor of the estate of Blanche Hoverstock, deceased.

Was the conveyance which was assailed fraudulent as to plaintiff? A few months before the death of Blanche Hoverstock she conveyed the premises which her father had furnished her the money to purchase to her daughter, the defendant Demaris Coblentz; the consideration named in the

deed being $1. No other consideration is shown for the deed and the grantor had no other property. Indeed, it is conceded that the assets of her estate are not sufficient to pay the debts. Certainly this would render the conveyance constructively fraudulent as against her creditors.

The plaintiff is a creditor of her estate in the amount of this note and is entitled to have the conveyance set aside as constructively fraudulent, and the premises described in the deed administered by the administrator of the estate for the benefit of the creditors thereof, and to have his claim paid out of the estate as a general creditor thereof *pro rata* with other general creditors.

*Decree for plaintiff.*

WILLIAMS and YOUNG, JJ., concur.